**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 28, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40030
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER LONG,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(2:04-CR-426-ALL)
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Javier Long appeals his conviction
following a jury trial for being a felon in possession of firearms.
He contends that the district court erred when it denied his motion
to suppress evidence seized pursuant to a search warrant, arguing
that the affidavit in support of probable cause was a "bare bones"
affidavit. Long fails to establish that the good-faith exception
to the exclusionary rule does not apply. See United States v.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Cavazos</u>, 288 F.3d 706, 709 (5th Cir. 2002); <u>United States v. McKnight</u>, 953 F.2d 898, 904-05 (5th Cir. 1992).

Long's assertion that the evidence was insufficient to support his conviction is likewise unavailing. Testimony established that Long's car was observed outside 1434 Gavilan prior to the search, that he possessed a key to the front door, that he knew the whereabouts of the key to the safe containing firearms, and that the safe contained a car alarm that matched one on his key chain. Viewing this evidence in the light most favorable to the government, and employing some common sense, we are convinced that the evidence supports the jury's finding that Long had knowledge of and access to the firearms inside the residence at 1434 Gavilan. <u>See</u> <u>United States v. Mergerson</u>, 4 F.3d 337, 349 (5th Cir. 1993). AFFIRMED.